IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-95-202 |
| | * | |
| KITTRELL DECATOR, *et al.* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Kittrell Decator, Keith Bryant, and Craig Lamont Scott (collectively "the defendants"), are former federal prisoners whose sentences were reduced to time served pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "compassionate release" statute). (ECF 360, 361 (Decator Memorandum and Order); ECF 373, 374 (Bryant Memorandum and Order); ECF 384, 385 (Scott Memorandum and Order)). Now pending is the government's motion to stay the Orders (ECF 361, 374, 385) pending appeal. (ECF 390). The defendants oppose the motion. (ECF 393).[1] For the reasons explained below, the motion will be denied.

## BACKGROUND

The facts and procedural history of the defendants' cases are more fully set out in the Memoranda granting compassionate release, (ECF 360, 373, 384), and the court recites only the minimum facts necessary to decide the present motion.

Between September 1993 and June 1994, the defendants committed one attempted and two completed bank robberies. Although guns were involved, no one was physically injured during the commission of these crimes. The defendants were charged with conspiracy and robbery offenses, as well as three counts each of using and carrying a firearm during the

---

[1] The government did not file a reply. *See* Local Rule 105.2(a) (D. Md. 2018) ("Unless otherwise ordered by the Court, all memoranda in opposition to a motion shall be filed within fourteen (14) days of the service of the motion and any reply memoranda within fourteen (14) days after service of the opposition memoranda").

1

commission of a crime of violence, in violation of 18 U.S.C. § 924(c). They were convicted, and each defendant received a sentence of more than 50 years' imprisonment.

The vast majority of the defendants' sentences resulted from their "stacked" § 924(c) charges.[2] Each defendant's § 924(c) convictions subjected him to a mandatory, consecutive 45-year sentence on top of the sentence for the robbery conduct. As part of the First Step Act of 2018, however, Congress amended § 924(c) to eliminate the practice of "stacking" sentences in this way. *See* First Step Act § 403(a), Pub. L. No. 115-291, 132 Stat. 5194.[3] If the defendants were sentenced today, their three § 924(c) convictions would result in consecutive sentences of 15 rather than 45 years.

After serving approximately 25 years of their sentences, the defendants filed motions for compassionate release. The court found that the defendants' continued incarceration pursuant to a sentencing scheme that has since been substantially amended was an "extraordinary and compelling" reason warranting a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The court joined numerous other district courts in reasoning that the First Step Act amendments to the compassionate release statute vest courts with independent discretion to determine whether a proffered reason is "extraordinary and compelling," *see United States v. Redd*, --- F. Supp. 3d ---- , 2020 WL 1248493, at *8 (E.D. Va. Mar. 16, 2020) (collecting cases), and that continued incarceration pursuant to "stacked" § 924(c) convictions is such a reason, *see United States v. Decator*, --- F. Supp. 3d ----, 2020 WL 1676219, at *4 (D. Md. Apr. 6, 2020) (citing cases). After

---

[2] At the time of the defendants' sentencings, if multiple § 924(c) counts were charged in the same indictment, the first § 924(c) conviction carried a mandatory, five-year consecutive sentence, and each additional § 924(c) conviction added another 20 years. This was because under the original version of the statute, a § 924(c) conviction was considered "second or subsequent"—thus triggering the 20-year penalty—even if the *first* § 924(c) conviction was obtained in that same case. *See Deal v. United States*, 508 U.S. 129, 132–33 & n.1 (1993).

[3] The phrase "second or subsequent conviction" in 18 U.S.C. § 924(c) was replaced with "violation of this subsection that occurs *after a prior conviction under this subsection has become final*." First Step Act § 403(a) (emphasis added).

considering the factors set forth in 18 U.S.C. § 3553(a), the court granted the motions for compassionate release, and reduced the defendants' sentences to time served.

Weeks after Decator and Bryant had been released from custody, and hours after Scott had been ordered released, the government filed a motion to stay all three Orders pending appeal. (ECF 390). The government sought to prevent Scott's release and to return Decator and Bryant—by then residing at the addresses pre-approved by U.S. Probation—to federal custody. The government conceded that it had not yet obtained authorization from the Solicitor General to pursue appeal on these cases, but "request[ed] a stay of 30 days to allow the government to determine whether it can pursue an appeal," after which time it would seek a further stay from this court or from the Fourth Circuit. (*Id*. ¶ 5).

Nowhere in the initial responses to the defendants' motions for compassionate release did the government ask for a delay in the effective date of any order granting compassionate release on the basis that it might seek a stay pending appeal. (*See* ECF 347 (Decator Opp'n); ECF 368 (Bryant Opp'n); ECF 375 (Scott Opp'n)).[4] And, as noted in the motion to stay, the government "proceeded with filing the instant motion before hearing back from counsel on their respective positions." (ECF 390 ¶ 6). Obviously, the court could not rule on whether to stay the Decator and Bryant Orders before they were released, as the motion to stay was filed weeks later. Nor did the court have a meaningful opportunity to consider the motion with respect to Scott before he, too, was released.

---

[4] The government did ask for a ten-day delay of release to "enable the Bureau of Prisons (1) to review the defendant for possible civil commitment as a sexually dangerous person, as required by 18 U.S.C. § 4248; (2) to notify victims and witnesses of the release of an offender as required by 18 U.S.C. § 3771; (3) to notify law enforcement officials and sex offender registration officials of the release of a violent offender or sex offender pursuant to 18 U.S.C. §§ 4042(b) and (c); and (4) to permit adequate time to collect DNA samples pursuant to 42 U.S.C. § 14135a." (ECF 347 at 22–23 n.11; *see also* ECF 368 at 24 n.9 (similar language); ECF 375 at 25 n.12 (similar language)). The court did not find these reasons for delay applicable or compelling, and ordered the defendants' immediate release.

## DISCUSSION

"A stay is an intrusion into the ordinary processes of administration and judicial review, . . . and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (internal citations and quotation marks omitted). In weighing whether to issue a stay, a court considers: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*. at 426.

The government does not address these factors, but argues that the court should stay the Orders "[i]n order to maintain the status quo pending the outcome of the appeals[.]" (ECF 390 ¶ 4). The government cites several cases in support, none of which are persuasive: *Dames & Moore v. Regan*, 453 U.S. 654, 665–66 (1981) (discussing a district court's stay of monetary judgment in light of Executive Orders implementing an agreement with Iran); *United States v. Foy*, 117 F.3d 1417, 1997 WL 336250 at *2 (5th Cir. 1997) (unpub.) (where district court believed it would not have jurisdiction to resentence the defendant and therefore stayed its order vacating judgment pending appeal); *United States v. Armstrong*, 21 F.3d 1431, 1434 (9th Cir. 1994) (staying dismissal of indictments pending appeal where government had notified court of intent to challenge its ruling); *United States v. Colombo*, 777 F.2d 96, 98 (2d Cir. 1985) (magistrate judge stayed release order pending appeal by the government to the district court). The government cites no cases where a court has granted a stay which resulted in the return of a previously released defendant to custody. It is worth noting that by the time the government filed the motion to stay, the "status quo" for Decator and Bryant was no longer incarceration. That is now true for all three defendants.

4

The government also argues that because a successful government appeal would restore the defendants' lengthy sentences, the defendants are flight risks if not returned to custody. (ECF 390 ¶ 5). This speculative argument is not grounded in the facts. There is no suggestion that the defendants are not complying with the terms of supervised release, nor does the government present any specific evidence that the defendants are flight risks. Indeed, the court's decision to reduce the defendants' sentences to time served was driven in part by consideration of the § 3553(a) factors, and the court's conclusion that the defendants had each demonstrated substantial rehabilitation and a commitment to lawful behavior.[5]

In short, the government presents no compelling argument that a stay is appropriate here. The court recognizes that the Fourth Circuit will in due course decide the question of how the First Step Act amendments impact a district court's discretion in ruling on compassionate release motions. But the court is troubled by the government's extraordinary request to return these three men to federal custody until that question is decided. The court has already determined that the defendants no longer belong in prison, and will not order their return to custody in the midst of a global pandemic.

## CONCLUSION

For the foregoing reasons, the motion to stay will be denied. A separate order follows.

07/09/2020

Date

/s/

Catherine C. Blake
United States District Judge

---

[5] Indeed, the court is disappointed that the government did not agree, at least as to these individuals, that the criminal justice reform implemented by the First Step Act presented an opportunity to correct an injustice.